﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 190319-4855
DATE: June 20, 2019

ORDER

An effective date of April 16, 2018, but no earlier, for the award of service connection for cognitive impairment due to Parkinson’s disease is granted.

An effective date of April 16, 2018, but no earlier, for the award of special monthly compensation (SMC) based on housebound criteria is granted.

FINDINGS OF FACT

1. A complete and proper intent to file for VA benefits was received on April 16, 2018, and a formal claim for service connection for Parkinson’s disease was received within one year.

2. It is at least as likely as not that the Veteran was manifesting cognitive impairment due to Parkinson’s disease as of April 16, 2018.

3. Entitlement to SMC housebound benefits arose on April 16, 2018.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for an effective date of April 16, 2018, but no earlier, for the award of service connection for cognitive impairment due to Parkinson’s disease have been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.114, 3.155, 3.156, 3.400, 3.816.

2. The criteria for an effective date of April 16, 2018, but no earlier, for the award of SMC based on housebound criteria have been met. 38 U.S.C. §§ 1114, 5110; 38 C.F.R. §§ 3.350, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from June 1962 to June 1965, to include service in the Republic of Vietnam.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office. See 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran timely appealed to the Board, requesting direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Earlier Effective Date

Generally, the effective date of an evaluation and award of compensation based on an original claim will be the date of receipt of the claim by VA or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Effective March 24, 2015, a change in regulation requires that claims be filed on standard forms, eliminating informal claims. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.160(a). Instead of recognizing informal claims, the new regulation provides that a claimant may request an application for benefits. Upon receipt of such a request, the Secretary shall notify the claimant of the information necessary to complete the application form or form prescribed by the Secretary. 38 C.F.R. § 3.155(a). 

The regulation also allows a claimant to submit an “intent to file a claim.” VA may recognize the date of receipt of an intent to file as the date of claim so long as VA receives the properly completed claim form within a year. 38 C.F.R. § 3.155(b). There are three ways in which a claimant may submit an intent to file a claim: (i) a saved electronic application (when an application otherwise meeting requirements is electronically initiated and saved in a claims-submission tool with a VA web-based electronic claims application system), (ii) written intent, signed and dated on the intent to file a claim form prescribed by the Secretary, and (iii) oral intent communicated to designated VA personnel, recorded in writing, and documented in the claimant's records. Id. 

1. Entitlement to an earlier effective date for the award of service connection for cognitive impairment due to Parkinson’s disease.

In this case, the Veteran submitted an intent to file for compensation on April 16, 2018. He then filed a formal claim for service connection for Parkinson’s disease utilizing the proper form (VA Form 21-8940) on October 19, 2018. Subsequently, he was granted service connection for cognitive impairment as a complication of service-connected Parkinson's disease. The AOJ established the effective date as October 19, 2018; the date on which the formal claim for service connection and medical evidence was received reflecting findings consistent with Parkinson’s disease.

Although not entirely clear from the record, the Board will accept for present purposes that the Veteran’s cognitive impairment due to Parkinson’s was present at the time he submitted his intent to file on April 16, 2018. A May 2, 2018 VA treatment record appears to suggest as much. As such, and resolving reasonable doubt in the Veteran’s favor, the Board will assign April 16, 2018 as the effective date for his award.

The preponderance of the evidence is against the assignment of a still-earlier date, however. There is nothing in the record reflecting an intent to file a claim for service connection for Parkinson’s disease prior to April 16, 2018. Service connection for Parkinson’s disease was not previously denied so as to warrant consideration of an earlier effective date under 38 C.F.R. § 3.816; and the evidence does not support a finding that a diagnosis of Parkinson’s disease was made prior to April 16, 2018 so as to warrant consideration of an earlier effective date under the provisions of 38 C.F.R. § 3.114.

In arriving that these conclusions, the Board has considered arguments advanced in the representative’s May 2019 brief to the effect that VA records from 2015 to 2018 may be missing. However, that assertion appears to be nothing more than speculation. There is nothing in the claims file to suggest that the AOJ failed in its duty to assist the Veteran in obtaining all relevant records. Moreover, the Veteran’s daughter expressly reported at the time of VA treatment on May 2, 2018, that the Veteran had up to that point never been diagnosed with Parkinson’s disease. The Board is satisfied that the duty to assist has been fulfilled.

2. Entitlement to an earlier effective date for the award of SMC based on housebound criteria.

The Veteran contends that SMC is also warranted prior to October 19, 2018.

The relevant regulation, 38 C.F.R. § 3.401(a)(1), provides that the effect date of an award of housebound benefits, except as provided in § 3.400(o)(2), will be the date of receipt of the claim or the date entitlement arose, whichever is later. However, when an award of pension or compensation based on an original or reopened claim is effective for a period prior to the date of receipt of the claim, any additional pension or compensation payable by reason of need for aid and attendance or housebound status shall also be awarded for any part of the award’s retroactive period for which entitlement to the additional benefit is established.

An award of SMC based on housebound status requires that the veteran have a single service-connected disability rated as 100 percent, and (1) additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. The permanent housebound requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i).

In February 2019, the RO granted SMC based on housebound criteria, with an effective date of October 19, 2018. That determination was based on the date the Veteran’s service-connected cognitive impairment was rated 100 percent, with other service-connected disabilities evaluated as 60 percent or more disabling. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(b). 

By this decision, the Veteran’s service-connected cognitive impairment, rated at 100 percent, is being made effective from April 16, 2018. As of that date, the Veteran’s remaining service-connected disabilities were independently ratable at 60 percent or more. As such, the Board finds that the criteria for SMC at the housebound rate have been met from April 16, 2018.

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Kettler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.